IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **EDDIE JAMES KING,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| VS. : | NO. 5:23-cv-00344-CAR-MSH |
| : | |
| **JENNIFER MASON,** *et al.*, : | |
| : | |
| **Defendants.** : | |
| _____ : | |

**ORDER OF DISMISSAL**

Plaintiff Eddie James King, an inmate who is presently incarcerated in Dooly State Prison in Unadilla, Georgia, has filed a *pro se* complaint seeking relief pursuant to 42 U.S.C. § 1983.  Compl., ECF No. 1.  Plaintiff also seeks leave to proceed *in forma pauperis*.  Mot. for Leave to Proceed *In Forma Pauperis*, ECF No. 2.  For the reasons discussed below, Plaintiff's motion for leave to proceed *in forma pauperis* is now **DENIED** and this action is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(g) and/or because Plaintiff has failed to fully disclose his litigation history.

**I.     Dismissal Pursuant to 28 U.S.C. § 1915(g)**

Federal law bars a prisoner from bringing a civil action in federal court *in forma pauperis*

> if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This is known as the "three strikes provision." Under § 1915(g), a prisoner incurs a "strike" any time he has a federal lawsuit or appeal dismissed on the grounds that it is (1) frivolous, (2) malicious, or (3) fails to state a claim. *See Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999); *see also Daker v. Comm'r, Ga. Dep't of Corr.*, 820 F.3d 1278, 1283-84 (11th Cir. 2016) (confirming that "these three grounds are the *only* grounds that can render a dismissal a strike"). Once a prisoner incurs three strikes, his ability to proceed *in forma pauperis* in federal court is greatly limited: leave to proceed *in forma pauperis* may not be granted unless the prisoner is under imminent danger of serious physical injury. *Medberry*, 185 F.3d at 1192.

A review of court records on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") database reveals that Plaintiff has filed multiple federal lawsuits and that at least three of his complaints or appeals have been dismissed as frivolous. *See, e.g., King v. Aikens*, Case No. 22-13178 (11th Cir. May 22, 2023) (dismissing appeal as frivolous); *King v. Herring*, Case No. 22-12774-A (11th Cir. Feb. 27, 2023) (dismissing appeal as frivolous); *King v. Herring*, Case No. 5:22-cv-00176-TES-TQL (M.D. Ga. Aug. 3, 2022) (dismissing complaint as frivolous); *King v. Stewart*, Case No. 3:08-cv-00123-CDL (M.D. Ga. Jan. 7, 2009) (dismissing complaint as frivolous). Plaintiff is thus barred from prosecuting this action *in forma pauperis* unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

To qualify for this exception, a prisoner must allege specific facts that describe an "ongoing serious physical injury," or "a pattern of misconduct evidencing the likelihood

2

of imminent serious physical injury." *Sutton v. Dist. Attorney's Office*, 334 F. App'x 278, 279 (11th Cir. 2009) (per curiam) (internal quotation marks omitted).   Complaints of past injuries are not sufficient.   *See Medberry*, 185 F.3d at 1193.   Vague and unsupported claims of possible dangers likewise do not suffice.   *See White v. State of Colo.*, 157 F.3d 1226, 1231 (10th Cir. 1998).   The exception to § 1915(g) is to be applied only in "genuine emergencies," when (1) "time is pressing," (2) the "threat or prison condition is real and proximate," and (3) the "potential consequence is serious physical injury." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

In his complaint, Plaintiff asserts that he has been asking the medical director at the prison to send him to an outside doctor for his chronic eye condition.   Compl. 5, ECF No. 1.   Plaintiff does not specify what is currently wrong with his eyes, but he states that he previously lost his sight in his right eye.   *Id.*   Given that Plaintiff provides no information regarding the nature of his current condition, he arguably has not shown that he is in imminent danger of serious physical injury.

Regardless, assuming that Plaintiff is in danger of injury from his eye condition, Plaintiff admits, and has attached documentation showing, that he has been scheduled for multiple exams with the prison's medical department, but he refuses to keep the appointments because he says it is a waste of time insofar as the nurses at the prison do not have the training to address his condition.   *Id.*; Attach. to Compl. 1-2, ECF No. 1-1. Plaintiff has been told, however, that he must see the onsite staff so that they can determine whether he needs an appointment with an outside optometrist.   Attach. to Compl. 1, ECF

No. 1-1.  Thus, even if he is at risk of harm from his eye condition, Plaintiff's complaint does not show that he is in imminent danger of serious physical injury due to the actions or inaction of any named defendant, but instead, such danger is the result of his refusal to keep his appointments with onsite staff.[1]

Accordingly, Plaintiff is not eligible to proceed *in forma pauperis*.  Plaintiff's motion to proceed *in forma pauperis* is therefore **DENIED** and his complaint is **DISMISSED WITHOUT PREJUDICE** under the three-strikes rule.  Alternatively, as set forth below, Plaintiff's complaint is dismissed because he has failed to truthfully disclose his litigation history.

II.     **Dismissal for Failure to Disclose Litigation History**

Plaintiff's complaint is also subject to dismissal because Plaintiff affirmatively misrepresented his litigation history to the Court.  Plaintiff drafted his complaint on the standard 42 U.S.C. § 1983 complaint form.  The standard complaint form requires a *pro se* plaintiff to make a number of disclosures before stating his claims.  As relevant here, Plaintiff was asked whether he had ever submitted a lawsuit in any federal or state court dealing with facts other than those involved in this lawsuit.  Compl. 2, ECF No. 1.

---

[1] Even if the Court were to conclude that Plaintiff was in imminent danger of serious physical injury, Plaintiff has not stated a claim for relief because he has not alleged facts showing that any named defendant is aware of, and has disregarded, a risk of harm to Plaintiff.  *See Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003) (explaining that, to state a claim for deliberate indifference to a serious medical need, a prisoner must allege facts to show that he had a medical need that was objectively serious and that the defendant was deliberately indifferent to that need).

Plaintiff marked "No," and marked through the questions seeking information about any such lawsuits. A review of court records shows that Plaintiff has filed multiple federal lawsuits that he did not disclose on his complaint form.

Additionally, Plaintiff checked "No" in response to the question, "AS TO <u>ANY</u> LAWSUIT FILED IN <u>ANY</u> FEDERAL COURT in which you were permitted to proceed *in forma pauperis*, was any suit dismissed on the ground that it was frivolous, malicious, or failed to state a claim?" *Id.* at 3. As noted above, a review of court records reveals that Plaintiff has had two federal district court cases dismissed as frivolous and that he has had two federal appeals dismissed as frivolous. Plaintiff thus failed to truthfully disclose his litigation history as required on the form.

A prisoner's "failure to comply with court rules requiring disclosures about [his] previous litigation" may constitute "an abuse of the judicial process warranting dismissal" of the party's pleading as frivolous or malicious under the screening provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1). *Sears v. Haas*, 509 F. App'x 935, 936 (11th Cir. 2013) (per curiam). "Although *pro se* pleadings are held to a less stringent standard, a plaintiff's *pro se* status does not excuse mistakes regarding procedural rules." *Id.* (citing *McNeil v. United States*, 508 U.S. 106 (1993)). Dismissal is also proper under 28 U.S.C. § 1915 where a plaintiff engages in bad faith litigiousness or manipulative tactics. *Redmon v. Lake Cnty. Sheriff's Office*, 414 F. App'x 221, 225 (11th Cir. 2011) (per curiam).

A prisoner's failure to disclose his full litigation history, when requested to do so,

is not considered a minor omission. Such information is highly relevant where, as here, a prisoner seeks to proceed without prepayment of the filing fee, as the court has a duty to enforce the statutory three strikes bar, 28 U.S.C. § 1915(g). This information is also necessary for the court to determine, prior to service, whether a prisoner's claims are related to (or should be considered in connection with) another pending action and—more importantly—whether any claims or issues in the current complaint have already been decided. *Williams v. Wiggins*, No. 6:09–cv–943, 2010 WL 4983665, at *2 (M.D. Fla. Dec. 2, 2010). Reliable disclosures are thus essential for an efficient and effective screening of the large number of *pro se* prisoner complaints received by this Court. *See* 28 U.S.C. § 1915A(a). And, as other courts within this Circuit have reasoned, if *pro se* plaintiffs suffered no substantial penalty for providing false or misleading information in the complaint, "there would be little or no disincentive" for prisoners to attempt to evade the requirement that such disclosures be made. *Williams*, 2010 WL 4983665 at *4 (internal quotation marks omitted); *see also Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) (per curiam) (agreeing with district court's conclusion that allowing prisoner to "acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process").

In this case, Plaintiff clearly failed to disclose his complete litigation history on a complaint form that unambiguously requires this disclosure. Plaintiff actively participated in his other lawsuits, and any claims that Plaintiff simply forgot these lawsuits therefore lack credibility. Plaintiff's complaint is accordingly subject to *sua sponte*

6

dismissal. *See Sears*, 509 F. App'x at 936; *Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997) (per curiam) (holding that "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal" under § 1915(d)).[2]

### III. Conclusion

For the foregoing reasons, Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **DENIED** and this action is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(g) and/or because Plaintiff failed to truthfully disclose his litigation history. Plaintiff's remaining pending motion (ECF No. 5) is **DENIED AS MOOT.**

**SO ORDERED**, this 13th day of December, 2023.

s/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[2] 28 U.S.C. § 1915(d) is the predecessor of § 1915(e)(2)(B)(ii). Both statutes contain a provision allowing the Court to determine whether a complaint is subject to dismissal as being frivolous or malicious, although dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) is now mandatory if such a finding is made. *See, e.g., Bilal v. Driver*, 251 F.3d 1346, 1348-49 (11th Cir. 2001). 28 U.S.C. § 1915A also requires the Court to dismiss a complaint filed by a "prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity" if the complaint (or any portion thereof) is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(a), (b)(1).